ACCEPTED
06-15-00014-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/8/2015 5:09:25 PM
DEBBIE AUTREY
CLERK

**NO. 06-15-00014-CV**

**IN THE SIXTH COURT OF APPEALS**
**TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

4/9/2015 8:49:00 AM

DEBBIE AUTREY
Clerk

**WILLIAM H. SCURLOCK,**
**APPELLANT**

**V.**

**JOHN M. HUBBARD,**
**APPELLEE**

**ON APPEAL FROM CAUSE NO. 14C1653-102**
**IN THE 102ND DISTRICT COURT**
**BOWIE COUNTY, TEXAS**

**APPELLEE'S MOTION TO EXTEND TIME TO FILE REPLY BRIEF, OR**
**ALTERNATIVELY, MOTION TO ABATE**

COUNSEL FOR APPELLEE:
LANGDON✱DAVIS, L.L.P.
Brent Langdon
State Bar No. 11902250
Email: blangdon@ldatty.com
Kyle B. Davis
State Bar No. 24031995
Email: kdavis@ldatty.com
5902 Summerfield, Ste. A
Texarkana, Texas 75505-5547
Telephone: (903) 223-3246
Telecopier: (903) 223-5227

**APPELLEE'S MOTION TO EXTEND TIME TO FILE REPLY BRIEF, OR ALTERNATIVELY, MOTION TO ABATE**

Appellee John M. Hubbard asks the Court to extend time to file his Appellee's Brief, or alternatively, to abate this appeal until the Trial Court has had the opportunity to amend its February 3, 2015 Order, on which this appeal is based.

1. This case arises out of disputes between two business associates. Scurlock and Hubbard are the only two members of a limited liability company that owns a building in downtown Texarkana, Texas. Scurlock and Hubbard are also shareholders in a corporation that owns a restaurant and brewery that operates in the building owned by the limited liability company. Scurlock and Hubbard disagree over the operation and management of the restaurant and brewery and ownership interest in the two companies. In short, as a majority shareholder, Scurlock is attempting to oust Hubbard out of the corporation and buy Hubbard's 50% interest in the limited liability company.

2. On December 23, 2014, Hubbard filed suit against Scurlock in Hubbard's individual capacity, as well as a derivative action in Hubbard's capacity as a minority shareholder in the corporation. (CR 4-14.) As part of his suit, Hubbard sought a temporary injunction to prevent Scurlock from damaging the corporation. *Id.*

3. On February 3, 2015, the Trial Court ordered a temporary injunction and appointed a receiver. (CR 67-73.)

4. The trial court's order set the receiver's bond at $10,000.00 and required Hubbard to post two additional bonds: a corporate bond in his individual capacity in the amount of $100,000.00 and another corporate bond of $50,000.00 in his capacity as a shareholder in the corporation, pursuant to Texas Rule of Civil Procedure 684. The

trial court's order provides "[before] the issuance of the injunction, [Hubbard] must post bond as ordered payable to Defendants, conditioned and approved as required by law."

5. The receiver's bond of $10,000.00 has been paid. However, the additional $100,000.00 and the $50,000.00 bonds have not been paid. Because the required bonds have not been paid, the temporary injunction that is the subject of Scurlock's interlocutory appeal has not been issued and is not effective. Thus, on March 23, 2015, Hubbard moved for dismissal of Scurlock's interlocutory appeal for lack of jurisdiction of this Court. That motion is pending with the Court.

6. Alternatively, if the Court determines that it has jurisdiction over Scurlock's appeal, Hubbard moves for an extension of time to file his brief in response to Scurlock's Appellant's Brief. Hubbard's deadline to file his reply is April 9, 2015.

7. Hubbard requests an additional 14 days to file his response brief, extending the deadline to April 23, 2015.

8. Hubbard has not sought any extensions in this matter. This is Hubbard's first request for an extension.

9. Hubbard seeks an extension to file his response brief to allow the Court more time to make a ruling on his Motion to Dismiss.

10. The Court has the authority under Rule 38.6(d) to grant Hubbard an extension of time to file his response brief.

11. Alternatively, Hubbard requests an abatement of this appeal so that the Trial Court has an opportunity to consider a motion Hubbard filed that could change the issues in this appeal or make part of the appeal moot.

3

12. On February 20, 2015, Hubbard filed a Motion to Amend Order Setting Bond (the Trial Court's February 3, 2015 Order). (*See* CR 76-79, which is also attached to this Motion, for the Court's convenience.) One of Scurlock's complaints on appeal is that Hubbard has not paid bonds to effectuate the receivership or injunction. However, if the Trial Court amends its order, Hubbard may be able to pay the bonds, which could change the issues in this appeal or make part of this appeal moot. That motion is set to be heard by the Trial Court on April 27, 2015.

For the reasons above, Hubbard requests that the Court extend the deadline to file his response brief to April 23, 2015, or alternatively, abate this appeal to give the Trial Court the opportunity to amend its February 3, 2015 Order, on which this appeal is based.

Respectfully submitted,

By: /s/Brent M. Langdon
Brent M. Langdon
State Bar No. 11902250
Email: blangdon@ldatty.com
Kyle B. Davis
State Bar No. 24031995
Email: kdavis@ldatty.com

LANGDON✶DAVIS, L.L.P.
5902 Summerfield, Ste. A
Texarkana, Texas 75505-5547
Tel:   (903) 223-3246
Fax:   (903) 223-5227

*Attorneys for Appellee John M. Hubbard*

## CERTIFICATE OF SERVICE

This is to certify that on April 8, 2015, a true and correct copy of the above and foregoing brief has been forwarded via the court's electronic filing system to all counsel/parties of record listed below and to the trial judge via First Class U.S. Mail:

*Appellee's Appellate Attorney*

Cory J. Floyd
Cammy R. Kennedy
Norton & Wood, LLP
315 Main Street
Texarkana, Texas 75505-1808

*Trial Judge*

Honorable Bobby Lockhart
Bowie County District Court
102nd Judicial District
Bi-State Justice Building
100 North State Line, Box 10
Texarkana, TX 75501

/s/ Brent M. Langdon
Brent M. Langdon